774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lenvill Spencer, Plaintiff-Appellant,
v.
Bluegrass Insurance Agency; Ohio Casualty Insurance Company;
Sheriff of Fleming County, Kentucky; County District Judge
of Fleming County, Kentucky; Circuit Judge Hinton; Fleming
County Attorney; Commonwealth Attorney of Fleming County,
Kentucky, Defendants-Appellees.
 No. 85-5291
 United States Court of Appeals, Sixth Circuit.
 9/23/85
 
 E.D.Ky.
 AFFIRMED
 ORDER
 BEFORE: ENGEL and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the order granting defendants' motions to dismiss this pro se civil action. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of plaintiff's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed this pro se action against the Bluegrass Insurance Agency, Ohio Casualty Insurance Co., the Sheriff of Fleming County, Kentucky, Fleming County District Judge Gallenstein, Circuit Judge Hinton, Fleming County Attorney McCartney, and Commonwealth Attorney Wood. The complaint alleged that all defendants violated his civil rights, the defendant insurance companies had breached their insurance contracts with plaintiff and the remaining defendants committed legal malpractice and perjury causing plaintiff to be arrested and convicted of false charges. Plaintiff requested that the court set aside his state conviction (apparently for passing bad checks), enjoin further state prosecutions, and award damages. In an 'added complaint,' plaintiff also alleged that he was not properly represented by an attorney in his state conviction and he was subjected to cruel and unusual punishment while incarcerated. Defendants filed motions to dismiss on the grounds of failure to state a claim, lack of jurisdiction, immunity and res judicata. The motions were referred to a magistrate. After a hearing, the magistrate recommended that the complaint be dismissed on the grounds of res judicata, judicial economy, and the authority of Hadley v. Werner, 753 F.2d 514 (6th Cir. 1985). The district court adopted the magistrate's report and recommendation, dismissed the complaint and denied all other pending motions. We affirm.
 
 
 3
 The district court properly dismissed the action against the two insurance companies on the grounds of res judicata. Under the doctrine of res judicata, once a final judgment on the merits is entered by a court of competent jurisdiction, the judgment operates as a bar to further claims by parties or their privies based on the same subject matter. Montana v. United States, 440 U.S. 147, 153 (1979); Anchor Motor Freight, Inc. v. International Brotherhood of Teamsters, 700 F.2d 1067, 1069 (6th Cir.), cert. denied, ---- U.S. ----, 104 S.Ct. 81 (1983). Plaintiff has filed at least ten pro se actions in the Eastern District of Kentucky involving his prosecution on bad check charges. Bluegrass Insurance Agency was a defendant in at least two of those suits, see Spencer v. Bluegrass Insurance Co., No. 84-5325 (6th Cir. Feb. 20, 1985); Spencer v. Bluegrass Insurance Agency, No. 83-5627 (6th Cir. May 4, 1985), and Ohio Casualty was a defendant in at least four. See Spencer v. Bluegrass Insurance Co., supra; J&K Home Improvement Co. v. Ohio Casualty Group, No. 84-5044 (6th Cir. May 3, 1984); J&K Home Improvement Co. v. Ohio Casualty Group, No. 84-5045 (6th Cir. May 3, 1984); J&K Home Improvement Co. v. Ohio Casualty Group, No. 84-5751 (6th Cir. Feb. 19, 1985). In all of these cases, plaintiff alleged that the insurance companies had breached their insurance contracts with him, he was arrested on illegal warrants and indictments, his conviction was illegal, and he was denied medication and legal service while in jail. The district court dismissed these actions as frivolous and this Court affirmed on appeal. The complaint in the present case raises the same issues raised in the prior complaints. All of the claims were or should have been litigated in plaintiff's earlier suits and are barred by res judicata.
 
 
 4
 The district court dismissed the claims against the remaining defendants based on Hadley v. Werner, supra. In Hadley, we held that a plaintiff must first bring a habeas corpus action before filing a 42 U.S.C. Sec. 1983 action based on events surrounding a conviction. However, plaintiff apparently has served his sentence and is no longer incarcerated. He cannot bring a habeas corpus action challenging his conviction since he is not in custody. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Sevier v. Turner, 742 F.2d 262 (6th Cir. 1984). Therefore, Hadley does not control to bar plaintiff's suit.
 
 
 5
 However, we affirm the district court's judgment on different grounds. See M.J. Whitman & Co. Inc. Pension Plan v. American Financial Enterprises Inc., 725 F.2d 394 (6th Cir. 1984). Although plaintiff has filed numerous documents with this Court and the district court, the factual basis for his claims is virtually unintelligible. Plaintiff alleged that defendants committed 'unlegal malpractice' causing him to be arrested, falsely obtained an indictment and committed perjury in that they knew that plaintiff was not guilty. He also alleges that the Fleming County Attorney prepared an affidavit and release of liens for one of plaintiff's subcontractors. Plaintiff claims that defendants violated his civil rights by these acts. Although pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), they must allege a factual basis for the claimed constitutional violations. Mere conclusions are not sufficient to support a civil rights action. Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971); Blackburn v. Fisk University, 443 F.2d 121 (6th Cir. 1971). Plaintiff's allegations do not state a sufficient factual basis for his claims.
 
 
 6
 Plaintiff also requested the district court to set aside his criminal conviction and enjoin any further state criminal prosecutions. A habeas corpus action is the proper remedy to challenge a state criminal conviction. Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff has not demonstrated that he is in custody or has exhausted his state remedies as required in a habeas corpus action. Plaintiff's request that future state prosecutions be enjoined is also inappropriate. Federal courts do not enjoin state criminal proceedings except under extraordinary circumstances. See Younger v. Harris, 401 U.S. 37 (1971). Plaintiff has not shown extraordinary circumstances, or that future state prosecutions are imminent.
 
 
 7
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).