779 F.2d 53
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TURHAN W. WYNN, Plaintiff-Appellant,
v.
RALPH McALLISTER, JUDGE OF COURT OF COMMON PLEAS, CUYAHOGA
COUNTY, OHIO, Defendant-Appellee.
 85-3465
 United States Court of Appeals, Sixth Circuit.
 10/2/85
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: LIVELY, Chief Judge; CONTIE, Circuit Judge; and BROWN, Senior Circuit Judge.
 
 
 1
 This case is before the Court for consideration of plaintiff-appellant's motion for leave to proceed in forma pauperis on appeal. The case has been assigned to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the motion, the record, and plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 It is noted initially that plaintiff's complaint was tendered but never filed in the district court. Because review of that document is indispensable to disposition of this appeal, the clerk of the district court is hereby directed to file and certify the complaint and to transmit the document to this Court as a supplemental record on appeal. Rule 10(e), Federal Rules of Appellate Procedure.
 
 
 3
 On April 23, 1985, plaintiff instituted the present civil rights action against a judge of the Cuyahoga County (Ohio) Court of Common Pleas. The complaint alleged that during plaintiff's 1981 criminal trial, defendant refused to hear plaintiff's argument that he was being placed in double jeopardy. Plaintiff seeks injunctive relief from defendant in the form of 1) a formal apology and 2) an opportunity to attack his conviction on double jeopardy grounds. He also seeks $1.75 million in compensatory damages and $2.5 million in punitive damages. The district court dismissed plaintiff's complaint as frivolous under 28 U.S.C. Sec. 1915(d) and denied his motion for leave to proceed in forma pauperis in the district court. The court subsequently denied plaintiff's motion to proceed on appeal in forma pauperis and plaintiff now moves this Court for such relief. Plaintiff has filed an informal brief in support of his motion.
 
 
 4
 The district court dismissed plaintiff's action under 28 U.S.C. Sec. 1915(d) without allowing service of the complaint on the defendant and permitting the plaintiff to amend the complaint or respond to the court's notice of intent to dismiss. This procedure does not run afoul of Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), because under this Court's decision in Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985), the requirements of Tingler do not apply to dismissals of complaints under Section 1915(d). A complaint may be dismissed under Section 1915(d) if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983). Upon review of the present record, it appears the district court did not err in dismissing plaintiff's complaint.
 
 
 5
 As a state court judge performing his judicial duties, defendant McAllister is absolutely immune from a claim for damages. Briscoe v. LaHue, ---- U.S. ----, 103 S.Ct. 1108 (1983); Hurlburt v. Graham, 323 F.2d 723 (6th Cir. 1963). The doctrine of judicial immunity, however, does not protect defendant from claims for injunctive relief. Sevier v. Turner, 742 F.2d 262, 269 (6th Cir. 1984). Nonetheless, it appears what plaintiff is seeking by way of injunctive relief is to attack his criminal conviction. In Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985), this Court held that a claim under Section 1983 is inappropriate where disposition of the claim would involve a ruling that a state conviction is or would be illegal. Here a disposition favorable to the plaintiff would necessarily involve a ruling that plaintiff's state conviction was invalid. This Court must therefore abstain from considering plaintiff's claim. Id.
 
 
 6
 Because this appeal is frivolous and entirely without merit, Rule 9(d)(2), Rules of the Sixth Circuit,
 
 
 7
 It is ORDERED that plaintiff's motion to proceed on appeal in forma pauperis be granted and the final order of the district court is hereby affirmed.