779 F.2d 53
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WINSTON WILLIS; UNIVERSITY CIRCLE PROPERTY DEVELOPMENT,
INC., Plaintiffs-Appellants,
v.
JOHN T. CORRIGAN, CUYAHOGA COUNTY PROSECUTING ATTORNEY;
HONORABLE RALPH A. MCALLISTER, CUYAHOGA COUNTY
COMMON PLEAS COURT JUDGE, Defendants-Appellees.
 85-3159
 United States Court of Appeals, Sixth Circuit.
 10/4/85
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the judgment dismissing his pro se civil rights action against a state prosecutor and a state judge. He now has two motions pending before this Court. He seeks a temporary restraining order enjoining the defendants from future infringements upon the plaintiff's constitutional rights. He also seeks release, pending this appeal, from the incarceration resulting from the defendants' alleged unconstitutional acts. These motions were referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 In his complaint, the plaintiff asserted he was the subject of three indictments obtained by defendant Corrigan in 1983-1984. All apparently were assigned to the docket of defendant McAllister. The first indictment was nolle prosequied. The second resulted in the plaintiff's conviction by a jury for writing a bad check and theft. That conviction was upheld on appeal by the Ohio Court of Appeals. The fate of the third indictment is not disclosed.
 
 
 3
 The plaintiff claimed defendant Corrigan obtained all three indictments by presenting false evidence to the grand jury, knowing there was no probable cause to believe a crime had been committed. He also asserted defendant Corrigan abused his prosecutorial discretion, indicted the plaintiff under facially unconstitutional statutes, conspired to have the plaintiff tried before defendant McAllister and an all-white jury, and threatened the plaintiff with further prosecution if he did not pay for a trial transcript. The plaintiff further asserted defendant McAllister twice ordered the plaintiff arrested on fabricated grounds, committed several improprieties and legal errors during the plaintiff's trial, and imposed on the plaintiff a sentence violative of the Eighth Amendment. For relief, he sought injunctive relief prohibiting (1) future infringements of his rights, (2) the continuing denial of bail by defendant McAllister, and (3) the presiding of defendant McAllister over all future proceedings involving the plaintiff. He also sought (1) a declaration that the state criminal statutes under which he was convicted are unconstitutional, (2) vacation of his state conviction, and (3) $20,000,000.00 in compensatory and punitive damages.
 
 
 4
 In dismissing the plaintiffs's action, the district court noted that (1) the plaintiff could address a request for release on bail to the Ohio Supreme Court, (2) the district court had no jurisdiction to review a state court's denial of bail, (3) the validity of the state conviction could not be challenged in a civil rights action, but only in a habeas corpus action, and (4) both defendants had absolute immunity from damages because their actions were taken in their functions as prosecutor and judge. This appeal followed.
 
 
 5
 Upon review of the record, we conclude the above observations fully support the district court's decision to dismiss the plaintiff's action. We also note that the plaintiff's civil rights claims, insofar as they call into question the validity of his state indictment and conviction, must be dismissed in that the plaintiff has not previously demonstrated in a habeas corpus action that the indictments and conviction are constitutionally infirm. See Hadley v. Werner, 753 F.2d 514 (6th Cir. 1985).
 
 
 6
 It is ORDERED that the motions for a temporary restraining order and release pending appeal be and hereby are denied.
 
 
 7
 Upon examination of the record and the plaintiff's appellate brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Therefore,
 
 
 8
 It is further ORDERED that the district court's judgment of February 14, 1985 be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.