791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN ALLEN HAYNES, Plaintiff-Appellant,
v.
ELSIE L. MUNSELL; ROBERT J. VERDEYEN; TONY YOUNG, WARDEN;
AND ATTORNEY GENERAL OF TENNESSEE, Defendants-Appellees.
 84-6080
 United States Court of Appeals, Sixth Circuit.
 4/21/86
 
 AFFIRMED
 W.D.Tenn
 ORDER
 BEFORE: KRUPANSKY and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's order dismissing his pro se civil rights action. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff is a prisoner in the Federal Correctional Institution in Memphis, Tennessee. He filed this pro se action alleging that his civil rights had been violated in his conviction for assault on another inmate by use of perjured testimony at trial, failure of the prosecution to disclose exculpatory evidence, and ineffective assistance of counsel. Plaintiff requested money damages. The district court granted in forma pauperis status and ordered that the complaint be filed. The court then dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 3
 In a proceeding in forma pauperis, the district court may dismiss the complaint if satisfied that the action is frivolous or malicious. Brooks v. Seiter, 779 F.2d 1177 (6th Cir. 1985); 28 U.S.C. Sec. 1915(d). Pro se complaints must be liberally construed and the allegations accepted as true in reviewing a sua sponte dismissal. See Haines v. Kerner, 404 U.S. 519 (1972); Brooks v. Seiter, supra. A complaint may be dismissed as frivolous if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Brooks v. Seiter, supra; Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983).
 
 
 4
 The district court noted in dismissing the complaint that plaintiff had not alleged that the named defendants had caused his injuries. A civil rights complaint must allege a causal nexus between defendants' conduct and plaintiff's injury. See Alexander v. Alexander, 706 F.2d 751 (6th Cir. 1983). In addition, plaintiff's allegations call into question the legality of his conviction. When a civil rights claim requesting damages is based upon an alleged unlawful conviction, the court must dismiss the action unless the plaintiff has first challenged the conviction through a habeas corpus action. Hadley v. Werner, 753 F.2d 514 (6th Cir. 1985); See Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff has not demonstrated that he has challenged his conviction. Under these circumstances, the district court properly dismissed the complaint as frivolous.
 
 
 5
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(2).