815 F.2d 78
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HUGHES, Plaintiff-Appellant,
v.
Officer SOUTHWORTH, Defendant-Appellee.
 No. 86-1870.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1987.
 
 Before MARTIN, WELLFORD and NELSON, Circuit Judges.
 ORDER
 This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellant has also moved for the appointment of counsel. After examination of the record and appellant's informal brief, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 Appellant, an inmate at the Jackson State Prison, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Eastern District of Michigan. In support of his claim for monetary damages, appellant maintained that appellee had violated his rights under the Fourteenth Amendment by subjecting him to a warrantless arrest made without probable cause and then securing his identification by use of photographs rather than an in-person lineup. As those contentions appeared to challenge the underlying validity of appellant's conviction, the district court determined that they were more properly the subject of a petition for a writ of habeas corpus and dismissed the civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Appellant therefore filed this appeal.
 In reaching its decision to dismiss appellant's complaint, the district court properly relied upon the rule established in Hadley v. Werner, 753 F.2d 514 (6th Cir.1985), a case concerning virtually the same set of facts as those involved in the present appeal. As a result of the controlling effect of that case, however, it is also necessary to vacate that portion of the district court's order which based the dismissal of appellant's civil rights action upon a finding of frivolity under 28 U.S.C. Sec. 1915(d). In Hadley, supra, the district court had grounded its decision to dismiss upon the conclusion that the plaintiff had failed to state a claim upon which relief could be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. On appeal this Court determined that while dismissal of the complaint was the proper result, that action could not be premised upon Rule 12(b)(6), Federal Rules of Civil Procedure, as the plaintiff would be entitled to recovery under 42 U.S.C. Sec. 1983 should he first achieve the successful adjudication of his constitutional claims by means of a petition for a writ of habeas corpus. Due to the close similarity of a dismissal for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, with a dismissal for reason of frivolity under 28 U.S.C. Sec. 1915(d), see Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986), the district court's reliance upon that particular statute was therefore misplaced. Accordingly, that portion of the district court's order of dismissal which held appellant's complaint to be frivolous pursuant to 28 U.S.C. Sec. 1983 must be vacated.
 
 
 1
 The questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, the motion for appointment of counsel is hereby denied. Furthermore, that portion of the district court's final order entered September 11, 1986, finding appellant's claim to be frivolous pursuant to 28 U.S.C. Sec. 1915(d) is vacated. The dismissal of the complaint, however, is affirmed, with such dismissal being without prejudice to appellant's opportunity to refile his action pursuant to 42 U.S.C. Sec. 1983 should he first secure the successful adjudication of his constitutional claims by means of a petition for a writ of habeas corpus.