815 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Curtis Wayne CHAMBERLAIN, Plaintiff-Appellant,
v.
Dr. Kent JONES, Defendant-Appellee.
 No. 86-5341.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1987.
 
 Before MARTIN, NELSON and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed a pro se complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Western District of Tennessee. In support of his claim for monetary damages, appellant maintained that Dr. Kent Jones, a witness at appellant's state court criminal trial, conspired with the prosecutor to give perjured testimony. The district court in its memorandum opinion and order, citing Briscoe v. Lahue, 460 U.S. 325 (1983) as authority, ruled that the complaint should be dismissed since a witness in a judicial proceeding has an absolute immunity from a suit for damages growing out of his testimony. To the extent that the appellant asserts that he was convicted based on alleged perjured testimony elicited by certain witnesses, it is clear that these witnesses in judicial proceedings are absolutely immune from civil liability under 42 U.S.C. Sec. 1983 based on their testimony. Briscoe v. Lahue. It is, however, not so clear that Briscoe v. Lahue applies to allegations of extra-judicial conspiracies between witnesses and the prosecutor to give perjured testimony before the trial begins. San Filippo v. United States Trust Co. of New York, Inc., 737 F.2d 246, 255 (2nd Cir.1984), cert. denied, 470 U.S. 1035 (1985); Malachowski v. City of Keene, 787 F.2d 704, 711 (1st Cir.) cert. denied, 55 U.S.L.W. 3232 (1986); Gilmore v. Gold, 632 F.Supp. 684 (E.D.NY 1986).
 
 
 3
 However, appellant would have suffered no damage, and consequently have no cause of action, from the alleged conspiracy, without a successful challenge to the validity of his conviction and his consequent confinement. Cf. Landrigan v. City of Warwick, 628 F.2d 736, 746 (1st Cir.1980). There is no indication that the appellant has raised this issue in a petition for a writ of habeas corpus. On this point, appellant must first pursue relief through a 28 U.S.C. Sec. 2254 petition for habeas corpus. See Hadley v. Werner, 753 F.2d 514 (6th Cir.1985); see also Guerro v. Mulhearn, 498 F.2d 1249, 1251, 1252 (1st Cir.1974).
 
 
 4
 The questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. The dismissal of the complaint is affirmed for the foregoing reasons, without prejudice to appellant's opportunity to refile his action pursuant to 42 U.S.C. Sec. 1983 should he first secure the successful adjudication of his constitutional claims by means of a petition for a writ of habeas corpus.