817 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Keith HALL, Bernard Eubanks, Plaintiff-Appellant,
v.
James A. VOGELE; Judith Mullen, Defendants-Appellees.
 No. 86-4029.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1987.
 
 1
 Before KRUPANSKY and GUY, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Plaintiff moves for appointment of counsel on appeal from the dismissal of his complaint brought pursuant to 42 U.S.C. Sec. 1983. Plaintiff alleged that the defendants, his court-appointed attorney and a state prosecutor, conspired with a state judge to deprive him of his right to a fair trial. Plaintiff alleges that this conspiracy resulted in his conviction for carrying a concealed weapon.
 
 
 3
 The district court dismissed the complaint as frivolous, and plaintiff filed a timely notice of appeal. Plaintiff has submitted an informal brief.
 
 
 4
 The district court correctly determined that the defendant state prosecutor enjoys absolute immunity from liability pursuant to -Sec. 1983 because the alleged acts were within the scope of her official duties. Imbler v. Pachtman, 424 U.S. 409 (1976). However, a court-appointed attorney, not otherwise acting under color of state law, may be liable under Sec. 1983 if he has conspired to deprive another of federal rights. Tower v. Glover, 467 U.S. 914 (1984). Plaintiff has therefore stated a cause of action cognizable under Sec. 1983 with respect to defendant Vogele, his court-appointed attorney.
 
 
 5
 We will, however, affirm the dismissal of plaintiff's complaint as against defendant Vogele for different reasons than were relied on by the district court. If resolved in plaintiff's favor, a decision in this Sec. 1983 action would necessarily involve a ruling implying that his state court conviction was or is illegal. In Hadley v. Werner, 753 F.2d 514 (6th Cir.1985), this Court held that in such a situation, plaintiff's Sec. 1983 action should be dismissed without prejudice to his right to refile the action if he successfully established a constitutional deprivation through habeas corpus. Hadley, at 516.
 
 
 6
 Therefore, plaintiff's motion for appointment of counsel is denied; the judgment of the district court is modified to the extent that the civil rights action is dismissed without prejudice to plaintiff's right to refile as against defendant Vogele only; and that the judgment is affirmed in all other respects. Rule 9(b), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation