831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James TAYLOR, Jr., Plaintiff-Appellant,
v.
OAKLAND COUNTY CIRCUIT COURT; Oakland County, Defendant-Appellee.
 No. 87-1156
 United States Court of Appeals, Sixth Circuit.
 October 5, 1987.
 
 ORDER
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 
 1
 This pro se plaintiff appeals a judgment of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Upon examination of the record and plaintiff's brief, the panel agrees unanimously that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Plaintiff, who is currently incarcerated at the Jackson State Prison, submitted an application for leave to proceed in forma pauperis and a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Eastern District of Michigan. After granting the request for pauper status and allowing the filing of the complaint, the district court determined that plaintiff's claims were frivolous and therefore ordered the dismissal of the action pursuant to 28 U.S.C. Sec. 1915(d). This appeal ensued.
 
 
 3
 A district court, pursuant to 28 U.S.C. Sec. 1915(d), may properly dismiss an action filed in forma pauperis for reason of frivolity only if, assuming the truth of all the factual allegations contained in the complaint, it can conclude that the plaintiff would still not be entitled to relief upon his proof of any set of circumstances. Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985), cert. denied, 106 S.Ct. 788 (1986). Review of the record indicates that that standard was properly applied in this case. Specifically, examination of the complaint indicates that plaintiff has alleged two district theories in support of his claim, the first being that defendant improperly failed to comply with a court order directing the return to him of funds which he had posted as bail. Plaintiff, however, may not raise such a claim in the context of a cause of action under 42 U.S.C. Sec. 1983 due to the availability of a state remedy, in the form of an action for a writ of mandamus in the Michigan courts, to seek redress of that wrong. Parratt v. Taylor, 451 U.S. 527 (1981).
 
 
 4
 Moreover, as the second claim in support of his cause of action, plaintiff alleges that his conviction and subsequent incarceration for larceny and being a habitual offender are invalid as they are the result of the ineffective assistance of counsel, prosecutorial misconduct and erroneous information regarding the number of his prior felony convictions. As a result, that claim is actually a challenge to the validity of his conviction and therefore more appropriately the subject of a petition for a writ of habeas corpus. Furthermore, until plaintiff has achieved the successful adjudication of that claim in a habeas proceeding, he may not rely upon it as the basis of an action for damages under 42 U.S.C. Sec. 1983. Hadley v. Werner, 753 F.2d 514 (6th Cir. 1985). Review of the record discloses that plaintiff has yet to seek relief by means of a petition for a writ of habeas corpus. Therefore, the district court did not err in concluding that plaintiff's complaint was frivolous and ordering its dismissal pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 5
 Accordingly, the district court's final judgment entered January 23, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. That dismissal, however, insofar as it concerns plaintiff's allegations of prosecutorial misconduct, ineffective assistance of counsel and use of incorrect information regarding the number of his prior felony convictions, is without prejudice to his opportunity to refile his complaint should he establish the validity of those claims by means of a petition for a writ of habeas corpus.