Willie Leon **HADLEY,**
Plaintiff-Appellant,

v.

Patrick S. **WERNER,** County of Saginaw, Michigan County Board of Supervisors, 70th District Court County of Saginaw, Saginaw County Board of Commissioners, State of Michigan, Saginaw County Board of Auditors, Saginaw County Treasurers, Defendants-Appellees.

No. 82–1572.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1984.

Decided Jan. 28, 1985.

Kim F. Bixenstine, argued, Cleveland, Ohio, for plaintiff-appellant.

Michael D. Thomas, Borrello, Thomas & Jensen, Peter Jensen, argued, Saginaw, Mich., for defendants-appellees.

Before EDWARDS * and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Appellant appeals from the district court's dismissal of his 42 U.S.C. § 1983 action on the basis that his complaint failed to state a claim upon which relief could be granted. We affirm dismissal, but modify the district court's order, which shall be dismissal without prejudice to appellant's section 1983 claim.

On March 13, 1980, Willie Leon Hadley pleaded guilty but mentally ill to the Michigan criminal charge of assault with intent to murder. He was sentenced to ten to twenty years in state prison. On March 11, 1982, Hadley filed this civil rights action pro se in district court. Hadley alleged that he had been denied effective assistance of counsel in violation of his Fifth,

Sixth, and Fourteenth Amendment rights due to the inadequate performance of his court-appointed attorney during the earlier criminal trial. Hadley maintained that the fee schedule utilized in Saginaw County, Michigan to compensate court-appointed counsel representing indigent defendants was inadequate and proximately caused the ineffective representation which he received. According to Hadley, the fee schedule was adopted in 1963 and by 1980 the low fees could attract only the least experienced and capable attorneys who, because of the inadequate fees, remained unwilling to devote the time necessary to render effective assistance to their indigent criminal clients. Hadley claims that his court-appointed attorney was both incompetent and unwilling to adequately prepare Hadley's complex insanity defense.

Hadley's complaint named as defendants Patrick S. Werner, the assigned counsel administrator for Saginaw County, Michigan, who assigned counsel to Hadley, the 70th District Court for the County of Saginaw, the Chief Judge of which appointed Hadley's counsel, the County of Saginaw and its Board of Commissioners, Board of Auditors, and Treasurer, and the State of Michigan. Each named defendant, according to Hadley, participated in the authorization, funding or operation of the court-appointed counsel system and knew or should have known that Saginaw County's custom or policy of paying inadequate fees to appointed counsel has deprived Hadley and other indigent criminal defendants of their constitutional rights to effective assistance of counsel. Hadley sought $85 million in damages, and an injunction ordering the defendants not to violate his constitutional rights in the future.

After denying Hadley the assistance of a court-appointed attorney, and prior to discovery, the district court granted defendants' Federal Rule of Civil Procedure 12(b)(6) motion and dismissed this action for failure to state a claim upon which relief could be granted. The district court ruled that legislative or judicial immunity

---

* The Honorable George Edwards took senior status January 15, 1985.

protected each defendant from liability for damages.

On appeal Hadley maintains that the district court lacked subject matter jurisdiction to consider his section 1983 claim. The jurisdictional issue was not raised below, however, in light of this Court's responsibility to consider matters of jurisdiction, sua sponte if necessary, *In Re F & T Contractors, Inc. v. Cunrell,* 718 F.2d 171, 180 (6th Cir.1983); *Jones v. Perrigan,* 459 F.2d 81, 83 (6th Cir.1972), it is appropriate to address these contentions.

Hadley's claim that Saginaw, Michigan's appointed-counsel fee schedule violated his constitutional rights is predicated upon his claim that he was denied effective assistance of counsel and involuntarily pleaded guilty. Thus, a necessary portion of his claim challenges the validity of Hadley's conviction and consequent confinement. Although Hadley's complaint seeks damages rather than release, it is appropriate to vacate the district court judgment that he did not state a cause of action, dismiss Hadley's action and direct him to pursue relief through a 28 U.S.C. § 2254 petition for habeas corpus.

In *Preiser v. Rodriquez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973), the Supreme Court held that when a state prisoner challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." In *Preiser,* appellants filed both section 1983 and habeas corpus claims and the district courts treated the habeas claims as merely adjuncts to the civil rights claims, and determined the habeas issues despite the claimant's failure to exhaust state remedies. The Supreme Court found that framing a complaint to seek equitable relief under section 1983 will not obviate the need to exhaust state remedies where the claim essentially challenges the legality of confinement, which is the central purpose of a petition for writ of habeas corpus. *Id.* at 482, 93 S.Ct. at 1832. *Preiser,*

however, does not control Hadley's appeal. In *Preiser,* the Court stated that "a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies." *Id.* at 494, 93 S.Ct. at 1838. More recently, the Court acknowledged that it has not determined "if a Federal District Court should abstain from deciding a section 1983 suit for damages stemming from an unlawful conviction pending collateral exhaustion of state-court attacks on the conviction itself." *Tower v. Glover,* —— U.S. ——, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984).

We do find persuasive *Guerro v. Mulhearn,* 498 F.2d 1249, 1251–52 (1st Cir.1974), in which the First Circuit noted that *Preiser* does not control requests for money damages under section 1983. The court then added that the reasoning and policy of *Preiser* combined with the policy considerations underlying *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), "require a federal court to stay its hand where disposition of the damage action would involve a ruling implying that a state conviction is or would be illegal." *Id.* at 1252. Hadley's appeal presents such an instance.

We, therefore, vacate the district court's ruling that Hadley failed to state a claim upon which relief could be granted, but affirm the district court's dismissal of Hadley's claim. Such dismissal shall be without prejudice to Hadley's opportunity to refile his section 1983 claim if and when he establishes, through a petition for writ of habeas corpus, that he was denied effective assistance of counsel.

The district court is, therefore, AFFIRMED in part and MODIFIED in part.