787 F.2d 592
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICKY A. SANDERS, Plaintiff-Appellant,
v.
SAM NEACE, WILLIE MATHIS, EDWARD DRENNEN, AND MARY ALICE
JETTER, Defendants-Appellees.
 85-6007
 United States Court of Appeals, Sixth Circuit.
 3/18/86
 
 AFFIRMED
 E.D.KY.
 ORDER
 BEFORE: RYAN, Circuit Judge; CELEBREZZE and BROWN, Senior Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the appellant's motion for appointment of counsel and for consolidation of this appeal with that in Case No. 85-8529.[1] This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion, the record, and appellant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Ricky Sanders, a Kentucky state prisoner, is serving a 10-year sentence for first-degree robbery, pursuant to a judgment of conviction following a jury trial in the Boone Circuit Court on November 23, 1983. Sanders brought this pro se civil rights action (under 42 U.S.C. Secs. 1981, 1982, 1983, 1985, and 1986) against the trial judge, the prosecuting attorney, his defense counsel, and the official court reporter, alleging that they conspired to deny him a fair trial and a meaningful appeal because of his race. More specifically, Sanders alleged that the appellees deprived him of the right to present evidence at his trial, and that they deliberately falsified, altered, and watered down his records on appeal with intent to injure him and to undermine confidence in his appeal to the Kentucky Court of Appeals, because of his race. In the district court, Sanders sought declaratory relief under 28 U.S.C. Secs. 2201 and 2202, as well as injunctive relief under the civil rights statutes. He asked the court to, inter alia, direct the defendants to return him to the Boone County Jail, and to reduce his bail to the original $5,000 amount pending the outcome of this lawsuit and his direct appeal, which was pending in the Kentucky Court of Appeals. The district court found that Sanders was essentially challenging the legality of his confinement, and dismissed the complaint without prejudice to his right to pursue habeas corpus relief under 28 U.S.C. Sec. 2254, after he has exhausted his state remedies. Preiser v. Rodriquez, 411 U.S. 475 (1973).
 
 
 3
 Having carefully examined the district court record, this Court finds that the district court correctly dismissed Sanders' complaint pursuant to this Court's decision in Hadley v. Werner, 753 F.2d 514 (6th Cir. 1985). Accordingly, it is ORDERED that the motion for appointment of counsel and consolidation of appeals is denied, and the judgment of the district court is affirmed for the reasons set forth in the district court's Order of September 6, 1985. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 In Case No. 85-8529, Sanders sought a writ of mandamus which was denied by this Court on December 6, 1985