815 F.2d 80
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marcus SIMPSON, Plaintiff-Appellant,
v.
Judge Robert H. GORMAN, Common Pleas Court, et al.; Arthur
M. Ney, Jr., et al.; Robert P. Mecklinborg, et
al., Defendants-Appellees.
 No. 86-3949.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1987.
 
 Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellant has also moved for the appointment of counsel. Upon examination of the record and appellant's informal brief, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant, an inmate at the Orient Correctional Institute in Orient, Ohio, submitted an application for leave to proceed in forma pauperis and a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 and Sec. 1985 in the district court for the Southern District of Ohio. After granting the request for pauper status and allowing the filing of the complaint, the district court determined that appellant's action was frivolous and therefore ordered its dismissal pursuant to 28 U.S.C. Sec. 1915(d). Appellant thereafter filed this appeal from that judgment.
 
 
 3
 Examination of the record, particularly the complaint, indicates that the district court correctly determined that appellant's complaint should be dismissed for reason of frivolity under 28 U.S.C. Sec. 1915(d). Specifically, a district court may, pursuant to that statute, properly dismiss an action filed in forma pauperis if it, assuming the truth of all the factual allegations contained in the complaint, can conclude that the plaintiff would still not be entitled to relief upon his proof of any set of circumstances. Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir.1985), cert. denied, 106 S.Ct. 788 (1986). Such is the case in the present appeal as examination of the complaint indicates that the basis of appellant's civil rights claims is his allegation that his conviction for armed robbery was rendered constitutionally infirm by various actions on the part of appellees. Those matters, however, are more properly the subject of a petition for a writ of habeas corpus and may not give rise to a civil cause of action for money damages until appellant has first secured the successful adjudication of his constitutional claims in such a proceeding. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985). As review of the record reveals that appellant has yet to seek relief by means of a petition for a writ of habeas corpus, the district court did not err in concluding that his complaint was frivolous and ordering this dismissal pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 The questions upon which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, the motion for appointment of counsel is hereby denied and the district court's final judgment dismissing appellant's action, entered September 12, 1986, is hereby affirmed. That dismissal, however, is without prejudice to appellant's opportunity to refile his complaint should he establish by means of a petition for a writ of habeas corpus the validity of his underlying constitutional claims.