815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Theodore T. MARSH, Plaintiff-Appellant,
v.
Vince FARIS, Richard Ringland, Judge, Defendants-Appellees.
 No. 86-3171.
 United States Court of Appeals,
Sixth Circuit.
 March 16, 1987.
 
 Before ENGEL, KRUPANSKY, and GUY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, an inmate of the London Correctional Institute, London, Ohio, filed this civil rights action for damages pursuant to 42 U.S.C. Sec. 1983. In his complaint he alleged a violation of his constitutional rights by defendants who denied him access to the courts in connection with his post-conviction motion under Ohio Revised Code 2953.21. The district court dismissed defendant Ringland, a common pleas judge, on the grounds of absolute immunity. Imbler v. Pachtman, 424 U.S. 409, 418 (1976). The district court also ordered plaintiff to supplement his complaint with specifics as to how the remaining defendant denied him access to the courts and referred the matter to a magistrate.
 
 
 3
 The magistrate recommended dismissal for failure to comply with the court's order for specifics or, alternatively, granting the defendant's motion for summary judgment.
 
 
 4
 The district court concluded that the magistrate was correct and accordingly dismissed the complaint, granted summary judgment and instructed the clerk to provide the plaintiff with appropriate forms for filing a habeas corpus action. Plaintiff timely appealed.
 
 
 5
 An examination of the record and a liberal construction of plaintiff's pleadings convince this Court that plaintiff is challenging the validity of his conviction and incarceration on the grounds of ineffective assistance of counsel. A matter such as this is more properly the subject of a petition for a writ of habeas corpus and may not give rise to a civil cause of action for damages until plaintiff has first secured the successful adjudication of his claims in such a proceeding. Hadley v. Werner, 753 F.2d 514 (6th Cir. 1985); see also Preiser v. Rodriguez, 411 U.S. 475 (1973). The record reveals that plaintiff has not exhausted his state remedies and has not yet sought relief by means of a petition for a writ of habeas corpus. Therefore, the district court did not err in its dismissal of the complaint nor in granting summary judgment with instructions for filing a habeas action. Thus, we affirm. Rule 9(b)(5), Rules of the Sixth Circuit. However, this affirmance of dismissal and summary judgment is without prejudice to plaintiff's opportunity to refile his complaint should he establish by means of a petition for a writ of habeas corpus the validity of his underlying constitutional claims.