818 F.2d 31
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Don JOHNSON, Petitioner-Appellant,
v.
Gary LIVESAY, Respondent-Appellee.
 No. 86-5830.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1987.
 
 Before MERRITT and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Tennessee prisoner appeals from the district court's dismissal of an action that petitioner filed as a habeas corpus case under 28 U.S.C. Sec.2254 and that a magistrate elected to treat as a civil rights case under 42 U.S.C. Sec.1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Petitioner received a twelve to twenty year sentence on a conviction for burglary. He claims his sentence should be reduced by credits he has earned through participation in a prison work program pursuant to Tenn. Code Ann. Sec.41-21-230. Petitioner further asserts that respondent unconstitutionally denied him the right to earn additional credits under the same statute by: 1) not making a prison job available to him; 2) discontinuing an educational program in which petitioner had been enrolled; and, 3) not granting petitioner a better security classification by which he could earn additional credits. The Magistrate converted petitioner's habeas petition into a complaint under 42 U.S.C. Sec.1983. The court ultimately granted the respondent's motion to dismiss the action for failure to state a claim under 42 U.S.C. Sec.l983. Stating that the proper avenue for relief would be a petition for writ of habeas corpus, the court implied that the petitioner had failed to exhaust his state remedies as required to obtain such relief.
 
 
 3
 Petitioner attacked the duration of his confinement and sought a speedier release. His sole remedy, therefore, was a petition for habeas corpus relief under 28 U.S.C. SS2254. Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973); see also Wolff v. McDonnell, 418 U.S. 539, 553-55 (1974); Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985). To pursue this remedy, petitioner must fully exhaust his available state remedies or prove the futility of doing so. Rose v. Lundy, 455 U.S. 509 (1982); Matlock v. Rose, 731 F.2d 1236, 1239-41 (6th Cir. 1984). Because the habeas corpus petition was treated as a Sec.l983 complaint, the parties had no occasion to address the exhaustion requirement.
 
 
 4
 We therefore REMAND this case for full consideration of the question whether petitioner has met the exhaustion requirement.