826 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George MASSEY, Plaintiff-Appellant,
v.
Sergeant Roy STRINGFIELD, Corporal Worley L. Arms, Suzan J.
Hiatt, Lieutenant Steve Sieber, and the Tennessee
Department of Corrections, Defendants-Appellees.
 No. 86-6086
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1987.
 
 ORDER
 Before ENGEL, KRUPANSKY and NELSON, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is an indigent state prisoner confined at the Southeast Tennessee State Regional Correctional Facility. On May 5, 1986, he filed a pro se civil rights action against the defendants in the district court for the Eastern District of Tennessee. In his complaint, the plaintiff alleged that his due process right to call witnesses on his behalf was denied him by the defendants at a prison disciplinary hearing held December 11, 1984. The plaintiff, at the conclusion of that hearing, was found guilty of possessing contraband and a deadly weapon and was sentenced to 20 days of administrative segregation with a loss of 90 days of sentence credits.
 
 
 3
 Plaintiff requested as relief that the district court restore these forfeited sentence credits and award him any monetary damages to which he was entitled. The district court instead adopted the report and recommendation of the magistrate entered on August 12, 1986, and dismissed plaintiff's action. In so doing, the district court relied on the Tennessee one-year statute of limitations for personal injuries found at Tenn. Code Ann. Sec. 28-3-104. Because the plaintiff had waited one year and approximately five months from the hearing date to bring his Sec. 1983 action, the district court concluded that the plaintiff had failed to state a claim upon which relief could be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.
 
 
 4
 Having reviewed the record and the parties' briefs on appeal, we affirm the judgment of the district court.
 
 
 5
 To the extent plaintiff sought monetary damages for having been placed in administrative segregation, his claim was properly barred under the Tennessee one-year statute of limitations for personal injuries. Tenn. Code Ann. Sec. 28-3-104; Wilson v. Garcia, 471 U.S. 261 (1985). Plaintiff's pursuit of prison administrative remedies during 1985 did not toll the running of this statute. Nor was the alleged refusal of the defendants to allow plaintiff to present witnesses on his behalf a continuing violation so as to prevent accrual of the cause of action.
 
 
 6
 Plaintiff's claim for relief for having lost sentence credits also was properly dismissed for two reasons. To the extent he sought injunctive relief, plaintiff was in essence seeking a speedier release; he may only do that in a habeas corpus proceeding under 28 U.S.C. Sec. 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973). To the extent plaintiff sought monetary relief for the lost credits, that relief cannot be pursued in a civil rights action until the plaintiff successfully challenges his alleged illegal custody in a habeas corpus proceeding. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985).
 
 
 7
 Accordingly, we affirm the dismissal of plaintiff's action pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. This affirmation is without prejudice, however, to plaintiff's opportunity to refile a civil rights action under Sec. 1983 if and when he establishes, in a habeas corpus proceeding under 28 U.S.C. Sec. 2254, that his present custody is illegal.