826 F.2d 1066
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David M. WEST, Plaintiff-Appellant,
v.
John MATHENY, Basil Griffin, Mike Caudill, Jimmy White,
Horace Stahl, Jerry Gaines, Ephram White, Guy
Dethridge, James Wilson, G.H. Freeman
and Additional Defendants,
Defendants-Appellees.
 No. 86-6290.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1987.
 
 Before KENNEDY, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for relinquishment of jurisdiction and a stay on appeal from the district court's judgment dismissing his civil rights case. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Fed.R.App.P.
 
 
 2
 The plaintiff appeared before the Fiscal Court in Bowling Green, Kentucky, and requested a ruling that the Fiscal Court would maintain a street West proposed to build. His request was denied. Subsequently, he became involved in an altercation with a Fiscal Court member and a deputy sheriff. The deputy sheriff arrested the plaintiff and charged him with assault, disorderly conduct, and resisting arrest. The state court convicted the plaintiff of all three charges, and the disorderly conduct and resisting arrest convictions were affirmed on appeal.
 
 
 3
 The plaintiff's complaint alleges that the Fiscal Court members conspired to deny his proposal because he was black, and that various other defendants conspired to falsely arrest and maliciously prosecute him. The district court granted motions to dismiss all the claims and entered judgment for the defendants.
 
 
 4
 In his motion for relinquishment of jurisdiction, plaintiff requests this court to take jurisdiction over his criminal convictions and to transfer the record in that case to this court. It should be noted that the state court record of those proceedings is included in the record before this court. Thus, part of the motion has been satisfied.
 
 
 5
 Concerning the request to take jurisdiction over the state criminal convictions, it would not be appropriate for this court to entertain jurisdiction over those convictions in this civil rights proceeding. Similarly, it would not be appropriate for this court to grant the plaintiff's motion for a stay in those criminal cases in this civil rights proceeding. The proper form for such relief is a habeas corpus proceeding in the district court.
 
 
 6
 In his informal brief, the plaintiff argues that the actions of the Fiscal Court violated his constitutional rights. However, the complaint does not state any specific facts or cite any cases or statutes establishing the plaintiff's right to a favorable ruling regarding the maintenance of his proposed street. Therefore, the plaintiff simply has not shown that he was deprived of a right secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).
 
 
 7
 We also affirm the district court's dismissal of the Fiscal Court members, the prosecutor, and the sheriff for the reasons stated in the district court's memorandum. We affirm dismissal of the jailer because the plaintiff admitted he did not request medical treatment while at the jail. Finally, we affirm dismissal of the arresting officer based on Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam).
 
 
 8
 The motions for relinquishment of jurisdiction and for a stay are denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument. This affirmance is without prejudice to the plaintiff's right to bring a new action against the arresting officer if the plaintiff successfully obtains habeas corpus relief from his convictions.