829 F.2d 38
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HUGHES, Plaintiff-Appellant,
v.
DETROIT POLICE DEPARTMENT, Defendant-Appellee.
 No. 87-1220
 United States Court of Appeals, Sixth Circuit.
 September 18, 1987.
 
 ORDER
 Before MERRITT, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The pro se plaintiff is an indigent state prisoner confined at the Kinross Correctional Facility in Kincheloe, Michigan. On December 10, 1986, the plaintiff filed a 42 U.S.C. Sec. 1983 civil rights action against the Detroit Police Department. In his complaint, the plaintiff alleged that the Detroit police arrested him without probable cause and without an arrest warrant, held him for seven hours or more, and then unlawfully turned him over to the Jackson County Sheriff's Department. He asked that the police department be ordered to pay the sum of $14 million for their part in an illegal arrest that led to his conviction.
 
 
 3
 Upon review of the complaint, the district court dismissed the plaintiff's action without service of the complaint pursuant to 28 U.S.C. Sec. 1915(d). In so doing, the district court reasoned that the plaintiff's claim challenged the validity of his underlying conviction and therefore ought to have been brought as a petition for a writ of habeas corpus. Relying on Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985), the district court then dismissed the plaintiff's complaint without prejudice to his refiling his Sec. 1983 action should he establish the illegality of his arrest.
 
 
 4
 Having reviewed the record and the brief of the plaintiff on appeal, we conclude that the district court properly applied the principles of Hadley to dismiss the plaintiff's complaint. Accordingly, for the reasons set forth in the order of dismissal entered January 30, 1987, the judgment of the district court is affirmed pursuant to Rule 9(b)(5, Rules of the Sixth Circuit.