836 F.2d 1347
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony HINKSTON, Plaintiff-Appellant,
v.
Claude N. CROWE, Arthur N. Ney, Jr., Ronald Ottinger, and
Harry Frisby, Defendants-Appellees.
 No. 87-3314.
 United States Court of Appeals, Sixth Circuit.
 Jan. 11, 1988.
 
 Before ENGEL and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Judge.
 
 
 1
 This pro se Ohio prisoner appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the appellant's brief, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff alleged that malicious prosecution by defendants resulted in an unfair robbery conviction and sought monetary damages and release. The district court determined the claims were frivolous and dismissed the complaint on the merits.
 
 
 3
 Upon review, we conclude the district court was correct to dismiss this suit; however, it should have done so without prejudice. Federalism and other concerns with respect to the interplay between state and federal courts, "require a federal court to stay its hand where disposition of the the [Sec. 1983] damage action would involve a ruling implying that a state conviction is or would be illegal." Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985). In this case, resolution of the plaintiff's claim for damages pursuant to Sec. 1983 could imply that plaintiff's state court conviction was illegal. Therefore, as in Hadley, the case must be dismissed without prejudice. Id. Accordingly, the plaintiff may refile his Sec. 1983 claim based on an illegal conviction if he successfully challenges his conviction through a habeas corpus proceeding. Id.
 
 
 4
 Accordingly, the judgment of the district court, entered March 6, 1987, is vacated, and this case is remanded for entry of an order dismissing the action without prejudice to plaintiff's right to refile his suit after obtaining a writ of habeas corpus. Rule 9(b)(6), Rules of the Sixth Circuit.