845 F.2d 327
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harrison H. SAFFORD, Petitioner-Appellant,
v.
H.Q. EVATT, Sheriff, Hamilton County, Tennessee and W.J.
Michael Cody, Attorney General, State of
Tennessee, Respondents-Appellees.
 No. 87-5364.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1988.
 
 Before KEITH, WELLFORD and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 The petitioner appeals the order dismissing his hybrid action stating claims for habeas corpus relief under 28 U.S.C. Sec. 2254 and for violations of civil rights under 42 U.S.C. Sec. 1983. The receipt of the record on appeal is construed as an application herein for a certificate of probable cause in the habeas portion of the appeal. Rule 22(b), Federal Rules of Appellate Procedure.
 
 
 2
 As the result of a detainer filed by Tennessee authorities with authorities in the State of Washington, the petitioner was transported to Tennessee in 1986 for trial on state charges pending therein. The petitioner filed a motion in state court for the dismissal of those charges on grounds Tennessee had violated the trial time limitations found in the Interstate Agreement on Detainers (IAD). He also filed this action in the district court seeking a writ of habeas corpus based on the IAD claim and also seeking $2000 in damages as the result of his transportation to Tennessee.
 
 
 3
 During the pendency of this action in the district court, the petitioner entered a plea of guilty to the Tennessee charges. He did not preserve any right of appeal as to his IAD claim. The respondents filed a motion to dismiss, asserting the petitioner had admitted the legality of his Tennessee incarceration by his guilty plea, thereby rendering the present action moot. The district court agreed and dismissed the action. This appeal followed.
 
 
 4
 Upon review of the record of proceedings below, and for the reasons stated by the district court in its memorandum opinion of February 13, 1987, we conclude the petitioner's habeas claims do not present such substantial issues as to warrant further appellate review herein. In so concluding, we note especially this Court's recent opinion holding claims under the IAD similar to those raised by the petitioner are not cognizable in a habeas action under Sec. 2254. See Browning v. Foltz, No. 86-1960 (6th Cir. January 21, 1988). To the extent the petitioner seeks review of the denial of habeas relief, therefore,
 
 
 5
 It is ORDERED that the application for a certificate of probable cause is denied.
 
 
 6
 To the extent the petitioner seeks review of the dismissal of his civil rights claim, we agree unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure. If a Sec. 1983 claim is dependant upon a parallel habeas challenge to a state conviction, it must be dismissed if habeas relief is not afforded. See Hadley v. Werner, 753 F.2d 514 (6th Cir.1985).
 
 
 7
 It therefore is ORDERED that that portion of the district court's order dismissing the petitioner's Sec. 1983 claim is affirmed sua sponte. Rule 9(b)(5), Rules of the Sixth Circuit.