842 F.2d 332
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David W. MURPHY, Plaintiff-Appellant,
v.
Donald P. WINGARD, Defendant-Appellee.
 No. 87-3942.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1988.
 
 Before CORNELIA G. KENNEDY and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed a civil rights complaint under 42 U.S.C. Sec. 1983 in which he claimed Carroll County (Ohio) Jail officials gave him medication in 1983 in order to induce him to plead guilty to a criminal charge. The district court sua sponte dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d) and this appeal followed. On appeal plaintiff has submitted a brief pro se.
 
 
 3
 Upon consideration, we affirm. Plaintiff is attempting to attack the constitutionality of a state court criminal conviction, i.e., he is claiming his 1983 guilty plea was not voluntary. Plaintiff can only establish this claim in federal court through the medium of a writ of habeas corpus under 28 U.S.C. Sec. 2254. See Hadley v. Werner, 753 F.2d 514 (6th Cir.1985) (per curiam). Plaintiff will have the right to refile this civil rights action when and if he establishes the constitutional infirmity of the guilty plea in question.
 
 
 4
 It is therefore ORDERED that the judgment of the district court be affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.