844 F.2d 789
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William George GOFORTH, Plaintiff-Appellant,
v.
Martha Layne COLLINS, et al., Defendants-Appellees.
 No. 87-5802.
 United States Court of Appeals, Sixth Circuit.
 April 8, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr., and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves the court to reconsider its order of February 8, 1988 vacating the district court's judgment and remanding this case for dismissal as premature and nonjusticiable.
 
 
 2
 Upon review, we conclude that the motion should be granted. The district court's judgment, nonetheless, must still be vacated and the case remanded for dismissal without prejudice.
 
 
 3
 The plaintiff demonstrated in his motion for reconsideration that the parole board had, in fact, rendered an adverse decision based upon his refusal to participate in the sexual treatment program required under Ky.Rev.Stat. Secs. 197.400-197.440 and 439.340(10). This action occurred during the pendancy of this appeal. The plaintiff claims that an ex post facto application of the laws has in fact occurred in violation of the United States Constitution. He also asserts that his claims are now ripe for adjudication. Without commenting on the validity of his claims, we do agree with plaintiff that his claims are now ripe.
 
 
 4
 Nonetheless, the plaintiff's suit must still be dismissed. Federal courts should not entertain a civil rights suit under 42 U.S.C. Sec. 1983 if the matter challenges the fact or duration of confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). Inasmuch as adjudication of the plaintiff's civil rights claims could ultimately result in an earlier release date, the district court should dismiss this action without prejudice to the plaintiff's opportunity to refile his Sec. 1983 claims if he establishes, through a petition for a writ of habeas corpus, that his constitutional rights have been violated.
 
 
 5
 Accordingly, the plaintiff's motion to reconsider is hereby granted and this court's order of February 8, 1988 is hereby vacated. The district court's judgment, however, is hereby vacated and this case is remanded for dismissal without prejudice for reasons herein expressed. Rule 9(b)(6), Rules of the Sixth Circuit.