869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert H. BOOTH, Plaintiff-Appellant,
v.
Benjamin P. HICKS; Richard N. Rose; Eldon Webb; Steven L.
Beshear; Thomas L. Conn; E.J. Walborun; John
Compton; Larry Roberts; Rodney
McDaniel, Defendants-Appellees.
 No. 88-5950.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1989.
 
 1
 Before RALPH B. GUY, JR. and ALAN E. NORRIS, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 Plaintiff, a pro se federal prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1985(3) and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Booth was convicted of bank robbery in violation of 18 U.S.C. Sec. 2113; he was also convicted by a Kentucky state court of robbing a woman, Mildred James, during the course of the bank robbery. He filed this suit, seeking monetary relief, or alternatively the dismissal of all criminal charges and convictions, alleging that the defendants conspired to confer jurisdiction over the James robbery upon the Kentucky state court when they knew that jurisdiction of the James robbery was proper with the federal district court. This allegedly was done so he would receive a harsher sentence under state law. The magistrate addressed the merits and recommended dismissal. The district court adopted the magistrate's report over plaintiff's objections and dismissed the suit as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 4
 Upon review, we conclude the district court was correct to dismiss the complaint; however, it should have done so without prejudice. In this case, plaintiff essentially argues that the Kentucky state court lacked jurisdiction to try him for the James robbery. Resolution of this claim favorable to the plaintiff would involve a ruling that plaintiff's state robbery conviction is illegal. Therefore, the district court should have dismissed the complaint without prejudice to plaintiff's right to refile the Sec. 1983 action if he can establish through a writ of habeas corpus the denial of a constitutional right. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam).
 
 
 5
 Accordingly, the district court's judgment, entered August 15, 1988, is hereby vacated, and this case is remanded for entry of an order dismissing the action without prejudice to plaintiff's right to refile his suit after obtaining a writ of habeas corpus. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation