875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HUGHES, Plaintiff-Appellant,
v.
John R. SOUTHWORTH; Jackson County Sheriff Department, Defendants.
 No. 89-1096.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1989.
 
 Before MERRITT and BOYCE F. MARTIN, Jr., Circuit Judges and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William Hughes moves for the court to grant his request for relief, and appeals from the district court's judgment dismissing his 42 U.S.C. Sec. 1983 prisoner civil rights suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Hughes claimed that defendant Southworth illegally confined him in the Jackson County Sheriff Department without an arrest warrant, and that he was held for fourteen days before his preliminary examination. He requested $15 million in damages. The district court dismissed the complaint as frivolous as Hughes failed to present specific facts to support his claim and the false imprisonment claim did not rise to the level of a constitutional violation.
 
 
 4
 On appeal, Hughes argues that the court erred by not construing his claims as fourth and fourteenth amendment violations.
 
 
 5
 Upon consideration, we affirm the dismissal of the complaint, but for reasons other than those stated by the district court. In essence, Hughes alleged that he was being illegally imprisoned because he was illegally arrested and falsely imprisoned. The suit was properly subject to dismissal for the reasons set out in Hadley v. Werner, 753 F.2d 514 (6th Cir.1985) (per curiam);
 
 
 6
 In Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973), the Supreme Court held that when a state prisoner challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." In Preiser, appellants filed both section 1983 and habeas corpus claims and the district courts treated the habeas claims as merely adjuncts to the civil rights claims, and determined the habeas issues despite the claimant's failure to exhaust state remedies. The Supreme Court found that framing a complaint to seek equitable relief under section 1983 will not obviate the need to exhaust state remedies where the claim essentially challenges the legality of confinement, which is the central purpose of a petition for writ of habeas corpus. Id. at 582, 93 S.Ct. at 1832. Preiser, however, does not control Hadley's appeal. In Preiser, the Court stated that "a damage action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies." Id. at 494, 93 S.Ct. at 1838. More recently, the Court acknowledged that it has not determined "if a Federal District Court should abstain from deciding a section 1983 suit for damages stemming from an unlawful conviction pending collateral exhaustion of state-court attacks on the conviction itself." Tower v. Glover, --- U.S. ----, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984).
 
 
 7
 We do find persuasive Guerro v. Mulhearn, 498 F.2d 1249, 1251-52 (1st Cir.1974), in which the First Circuit noted that Preiser does not control requests for money damages under section 1983. The court then added that the reasoning and policy of Preiser combined with the policy considerations underlying Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), "requires a federal court to stay its hand where disposition of the damage action would involve a ruling implying that a state conviction is or would be illegal." Id. at 1252. Hadley's appeal presents such an instance.
 
 
 8
 The dismissal is without prejudice to Hughes' right to refile his claim under Sec. 1983 if and when he can establish through a writ of habeas corpus that he was actually denied his constitutional rights. See Hadley, 753 F.2d at 516.
 
 
 9
 For these reasons, the motion for the court to grant certain relief is denied and the district court's judgment of dismissal without prejudice is hereby affirmed for the foregoing reasons. Rule 9(b)(5), Rules of the Sixth Circuit.