888 F.2d 127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ross Calvin AUSTIN, Plaintiff-Appellant,
v.
VANDERBILT LEGAL CLINIC; Susan Kay; Stephen Palevitz,
Defendants-Appellees.
 No. 89-5384.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1989.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Ross Calvin Austin, a pro se Tennessee prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and declaratory relief, Austin sued a legal clinic and two of its attorneys alleging that they conspired to deprive him of his constitutional rights. During preliminary proceedings, defendant Palevitz was appointed to represent Austin in his criminal trial for attempted murder. Later, defendant Kay was substituted for Palevitz and she proceeded as plaintiff's trial counsel. Austin alleged that this substitution violated his rights because it was done without his consent, and because defendant Kay rendered ineffective assistance of counsel. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) finding that Austin had failed to state a cause of action under Sec. 1985 because he had no federally protected right to choose a particular attorney. The court also found that a civil rights complaint was not the appropriate vehicle in which to raise his ineffective assistance of counsel claims.
 
 
 3
 On appeal, Austin reasserts his claims and requests the appointment of counsel.
 
 
 4
 Upon review, we affirm the dismissal for other reasons. Resolution of Austin's claims could imply that his state court conviction is or would be illegal. Therefore, we shall affirm the judgment of dismissal as without prejudice to plaintiff's right to refile his claims under Sec. 1985 if and when he can establish through a writ of habeas corpus that he was denied a constitutional right. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam).
 
 
 5
 Accordingly, plaintiff's request for counsel is denied, and the district court's judgment, as herein modified, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.