890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin Lee GODDARD, Plaintiff-Appellant,
v.
District Attorney Ray LARSEN, Fayette County; Harold J.
Buchignani, Director of Fayette County Detention Center;
Metro Police Dept/Det's Webb, Push, Hahn, Barry, Taylor;
Fayette County Sheriff Dept. June Hamilton and Other Unnamed
Sheriff Deputies, Defendants-Appellees.
 No. 89-5612.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1989.
 
 Before KEITH and BOGGS, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se plaintiff appeals from the district court's judgment dismissing the civil rights action that he had brought under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, the plaintiff alleged several violations of his constitutional rights that stemmed from his arrest during the warrantless search of a friend's apartment. The complaint also indicates that the plaintiff was subsequently convicted of trafficking in cocaine and of being a felon in possession of a handgun. While the exact status of the plaintiff's criminal case is not clear, it is apparent that he is still involved in state proceedings that challenge the validity of these convictions.
 
 
 3
 In his civil complaint, the plaintiff sought injunctive relief, actual or compensatory damages, punitive damages and attorney fees. His case was referred to a magistrate who concluded that it should be dismissed without prejudice because any resolution of plaintiff's civil claims would necessarily imply a ruling on the validity of his criminal convictions. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985). The district court adopted the magistrate's recommendation and dismissed the plaintiff's complaint "without prejudice to his right to file after establishing, either in Kentucky courts or in federal habeas courts, that his constitutional rights were abridged."
 
 
 4
 Upon review, we conclude that the abstention doctrine does not require dismissal of the plaintiff's claims for damages and attorney fees. As the Supreme Court has stated, "even if the Younger doctrine requires abstention here, the district court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." Deakins v. Monaghan, 484 U.S. 193, 202 (1988).
 
 
 5
 Abstention from a civil case that implicates the validity of a plaintiff's criminal convictions is appropriate when the plaintiff has not exhausted the possibilities for criminal appeal and habeas corpus relief. Hadley, 753 F.2d at 516. Indeed, it was proper in the instant case for the court to decline review of the plaintiff's fourth amendment claims, even though they are not cognizable in a federal habeas corpus action, because their resolution would affect ongoing state proceedings. Feaster v. Miksch, 846 F.2d 21, 23 (6th Cir.), cert. denied, 109 S.Ct. 148 (1988). The plaintiff's civil rights action may not proceed as long as it "requires the resolution of issues that will determine the outcome of pending state criminal proceedings...." Id. at 24.
 
 
 6
 The district court was also correct in dismissing the plaintiff's claims for injunctive relief because that relief can and must be considered exclusively in the courts where the validity of his convictions is directly at issue. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); cf. Nilsson v. Rupert, Bronson & Chicarelli, Co., Case No. 88-3541, slip op. at 6 (6th Cir. Oct. 30, 1989); Watts v. Burkhart, 854 F.2d 839, 849 (6th Cir.1988). Nevertheless, Deakins mandates a stay rather than a dismissal of the plaintiff's monetary claims because these claims cannot be redressed in a criminal or habeas corpus proceeding where only equitable relief is available. See Deakins, 484 U.S. at 204; Feaster, 846 F.2d at 24; cf. Watts, 854 F.2d at 849. Under these circumstances the federal courts may not completely abdicate their jurisdiction over the plaintiff's civil case.
 
 
 7
 Accordingly, we affirm the district court's judgment insofar as it dismissed the plaintiff's equitable claims without prejudice and vacate the judgment insofar as it dismissed the plaintiff's claims for damages and attorney fees with instruction that these claims be stayed pending the final outcome of the plaintiff's state criminal proceedings. Rules 9(b)(5) and (6), Rules of the Sixth Circuit.