916 F.2d 712
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory CLEMMONS, Plaintiff-Appellant,
v.
Richard P. CAREY; Gene Kelly; Adolphis Portis; Carl
Baker; Mary Riley, Defendants-Appellees.
 No. 90-3133.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1990.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Gregory Clemmons, a pro se Ohio prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1986, Clemmons was convicted of burglary by the Clark County, Ohio Common Pleas Court. Clemmons states in his complaint that his conviction was affirmed on direct appeal; that the trial court denied his motion for a new trial, and later denied his motion for post-conviction relief. The Second District Court of Appeals remanded the case to the trial court for that court to issue written findings of fact and conclusions of law in regard to its denial of Clemmons's post-conviction motion. On October 10, 1989, the trial court filed findings of fact and conclusions of law, and dismissed the motion.
 
 
 4
 Thereafter, seeking monetary relief, Clemmons sued Carey (the prosecuting attorney at his trial), Kelly (the police detective in charge of the investigation), Portis and Baker (two witnesses who apparently testified at his trial), and Riley (a clerk in the Springfield, Ohio police records room). Clemmons alleged that the defendants conspired to obtain his criminal conviction by presenting perjured testimony at his trial.
 
 
 5
 All the defendants, except Baker, filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Clemmons responded to those motions and later filed a motion for summary judgment. The magistrate granted Clemmons leave to amend the complaint to add claims for injunctive and declaratory relief, and then recommended that Clemmons's suit be dismissed with prejudice as to Carey because he is immune from suit, and dismissed without prejudice as to the remaining defendants because Clemmons failed to state an adequate claim as to them. After reviewing Clemmons's objections, the district court adopted the magistrate's recommendation and dismissed the case, finding that the amended complaint did not allege facts from which one could find the existence of a conspiracy, nor did the amended complaint allege facts whereby a federal court could issue injunctive relief.
 
 
 6
 On appeal, Clemmons reasserts his claims, requests the appointment of counsel, and has filed a pro se brief. Defendant Carey has filed a brief, and defendants Kelly and Riley have notified the court that they will not be filing a brief. Defendant Portis has not responded to this appeal.
 
 
 7
 Upon review, we shall affirm the district court's judgment. Carey is entitled to absolute immunity because the function of presenting testimony at a criminal trial falls within the scope of his prosecutorial duties. See Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir.1989). As to the other defendants, we affirm the district court's judgment on the basis of Hadley v. Werner, 753 F.2d 514 (6th Cir.1985) (per curiam). In accordance with the state court of appeals remand order, the trial court filed written findings of fact and conclusions of law and dismissed Clemmons's motion for post-conviction relief on October 10, 1989. Thus, Clemmons presently has no state court proceedings pending challenging his conviction. Resolution of this suit, particularly Clemmons's claim of perjury, could, however, imply that his state court conviction is illegal. Consequently, the complaint was subject to dismissal without prejudice as to all the defendants except the prosecutor, subject to Clemmons's right to refile the action if he can establish through a writ of habeas corpus that he was denied a constitutional right. See Hadley, 753 F.2d at 516.
 
 
 8
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed for the foregoing reasons pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation