947 F.2d 945
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David E. LEWIS, Plaintiff-Appellant,
v.
Kenneth B. ATER, Judge; Donald N. Cox, Judge; Stewart J.
Kaiser; Donald Capper; Charles L. Burd,
Honorable, Defendants-Appellees.
 No. 91-3686.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1991.
 
 Before MERRITT, Chief Judge, ALAN E. NORRIS, Circuit Judge, and GODBOLD, Senior Circuit Judge.*
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion for hearing en banc, record and briefs of the parties, this panel unanimously agrees that oral argument is not needed and denies the motion for hearing en banc. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff was convicted in 1989 of rape. He filed a civil rights complaint in the district court. 42 U.S.C. §§ 1983 and 1985. He alleged that the attorneys and judges involved in the criminal prosecution conspired against him, coerced people into giving false testimony, and misled the jury in order to obtain an illegal conviction against him. Plaintiff sought compensatory and punitive damages, disbarment and criminal prosecution of the defendants, but the record does not indicate that he has filed a petition for writ of habeas corpus.
 
 
 3
 The district court dismissed the action on the ground that it should abstain from ruling on the action because disposition of the action would imply that the plaintiff's state conviction was illegal. Accordingly, it dismissed the complaint without prejudice to his right to refile his damage claim after resolution of his habeas corpus petition. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). Plaintiff appealed.
 
 
 4
 On appeal, plaintiff states that the district court improperly determined that his complaint was filed for the purpose of challenging his illegal conviction and incarceration. He argues that his complaint was to seek damages for conspiracy and criminal obstruction of justice.
 
 
 5
 Upon review, we have determined that the district court understood the intent of the plaintiff to seek damages for actions which led to his conviction and incarceration. We affirm the district court's order for the reasons stated by the district court in its order filed July 2, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation