959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip A. CLARK, Plaintiff-Appellant,
v.
William H. SEWELL, et al., Defendants-Appellees.
 No. 91-6387.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1992.
 
 1
 Before KEITH and SILER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Phillip Clark, a Kentucky prisoner proceeding without benefit of counsel, appeals from the judgment of the district court dismissing his cause of action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking a transfer from the jail in Mason County, Kentucky, to a state prison facility, a prison job, a pork-free diet, medical care, and, release from confinement, Clark alleged that: (1) he was improperly charged with receiving stolen property by Kentucky State Trooper Glen Taylor; (2) he is bringing an action for false arrest against Trooper Glen Taylor; (3) Mason County Circuit Judge Richard Hinton and Commonwealth's Attorney Woodson T. Wood conspired against him; (4) Assistant Jailer Jerry Muse moved him to the maximum security area of the jail where codefendant Clifford Nutter was incarcerated; (5) defendants were deliberately indifferent to his serious medical needs; (6) he did not receive a pork-free diet; and, (7) he received ineffective assistance of counsel by his court-appointed attorney, William Sewell.
 
 
 4
 The district court held that Clark's complaint pursuant to 42 U.S.C. § 1983 was an attempt to make an "end run" around habeas corpus procedures and dismissed the complaint in accordance with the magistrate judge's report and recommendation. On appeal, Clark argues that the Public Defender rendered ineffective assistance of counsel; that the Mason County judicial system is made up of alcoholics; that the Commonwealth's Attorney struck a black juror from the panel on the basis of the juror's race; and that he is entitled to his freedom.
 
 
 5
 The judgment of the district court should be affirmed because Clark challenges the fact and duration of his confinement and seeks a speedier or immediate release. His sole remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). The suit should be dismissed without prejudice to the plaintiff's right to refile his claim for damages under § 1983 if and when he can establish through a writ of habeas corpus that he was denied a constitutional right. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985).
 
 
 6
 Clark's appellate brief does not assert any claim attacking the conditions of confinement or future parole considerations which would be cognizable under § 1983. See Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974). Any claims attacking the conditions of confinement contained in his previous pleadings, but not contained in his brief on appeal, are waived. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation