959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Allan SLIS, Plaintiff-Appellant,
v.
Michael F. SAPALA, Honorable; William Hudson; Robert E.
Lecureux, Defendants-Appellees.
 No. 91-2394.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1992.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Michael Allan Slis, pro se, appeals the district court's order dismissing this complaint filed under 42 U.S.C. § 1983. The defendants include a judge of the Recorder's Court for the City of Detroit, the chairman of the Michigan Parole Board and the warden of the Kinross Correctional Facility, in Kincheloe, Michigan. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Slis alleged that defendant Sapala sentenced him to six years and eight months of imprisonment for the offense of assault with intent to commit criminal sexual conduct, and sentenced him to a life sentence for the offense of assault with intent to commit murder, without properly crediting him for 82 days spent in the county jail before sentencing. Slis also argues that he is being subjected to double jeopardy on this basis, by being punished twice for the same crime.
 
 
 3
 The matter was referred to a magistrate judge, who determined that the federal habeas corpus statute provides the exclusive remedy for his challenges to his sentence. 28 U.S.C. § 2254; Hadley v. Werner, 753 F.2d 514 (6th Cir.1985) (per curiam). Thus, the magistrate judge concluded that Slis had not exhausted his claims in state court, before presenting them in federal court, as required under the statute. The magistrate recommended that the complaint be dismissed without prejudice to Slis's right to pursue a § 1983 action, after satisfying the exhaustion requirement of 28 U.S.C. § 2254(c), and establishing that his constitutional rights had been violated. The district court judge, after considering the plaintiff's objections to the magistrate judge's report and recommendation, adopted that report, dismissing the complaint by order filed November 7, 1991. On appeal, Slis presents the same arguments as presented in district court, and requests the appointment of counsel.
 
 
 4
 Upon review, this court concludes that the district court appropriately dismissed this complaint for Slis's failure to exhaust his remedies in state court before bringing this action in a federal forum. This state prisoner's challenge to the fact and duration of his confinement must first be presented in a petition for habeas corpus relief. 28 U.S.C. § 2254(c); Preiser v. Rodriguez, 411 U.S. 475, 489-91 (1973). Because Slis cannot obtain relief in the form of damages in a habeas action, as requested in his complaint, the district court properly dismissed his complaint without prejudice to his opportunity to later refile a § 1983 claim if he should establish that he was, indeed, denied certain constitutional rights. See Hadley, 753 F.2d at 516.
 
 
 5
 Accordingly, the appellant's request for appointment of counsel is hereby denied, and the district court's order dismissing this complaint is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation