852 F.2d 569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Clarence POWELL, Plaintiff-Appellant,
v.
Robert S. GILBERT; Patrick M. Meter; Annette M. Gray;
William H. Martin; Kyung Sik Ahn; Kenneth Ott;
Robert E. Dankert, Defendants-Appellees.
 No. 88-1067.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1988.
 
 Before MERRITT, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, plaintiff brought suit alleging numerous constitutional violations. Essentially plaintiff complained that his criminal conviction was obtained by anti-Semitic prejudice on the part of the trial judge, the prosecutors, his former attorney, the police officers who investigated the case, and a private citizen. Plaintiff also alleged that the prosecutors obtained evidence by unconstitutional means and that his former attorney coerced him into pleading guilty by informing him that his Jewish background would prejudice him at trial. The district court granted plaintiff in forma pauperis status and dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 A case may be sua sponte dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d) only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. See Spruyette v. Walters, 753 F.2d 498, 500 (6th Cir.1985), cert. denied, 474 U.S. 1054 (1986); Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). Upon review, we affirm the district court's dismissal.
 
 
 4
 Insofar as plaintiff alleged that his criminal conviction was improperly obtained due to anti-Semitic discrimination, the district court correctly dismissed the complaint because a ruling on the matter could imply that the state conviction was illegal. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985). The dismissal as to these claims is without prejudice to plaintiff's right to refile if and when he can establish through a writ of habeas corpus that he was denied a constitutional right. Hadley, 753 F.2d at 516.
 
 
 5
 Although Hadley did not control the resolution of plaintiff's fourth amendment claims against the prosecutors, see Feaster v. Miksch, et al., No. 87-3777, (6th Cir. May 2, 1988), dismissal was nonetheless proper because these prosecutors are being sued for actions taken while they performed prosecutorial functions for which they are absolutely immune from suit. See Imbler v. Pachtman, 424 U.S. 409 (1976); Joseph v. Patterson, 795 F.2d 549 (6th Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 1910 (1987).
 
 
 6
 Likewise, plaintiff failed to state a claim against his former attorney because defense attorneys are not state actors for Sec. 1983 purposes. See Polk County v. Dodson, 454 U.S. 312 (1981).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.