860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert CARSON, Plaintiff-Appellant,
v.
Vincent D. GIOVANNI; Leroy W. Daggs; George E. Jacobs;
Regina Veasy, Defendants-Appellees.
 No. 88-1412.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1988.
 
 1
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. POTTER, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Carson brought this civil rights action under 42 U.S.C. Sec. 1983 claiming that three court-appointed attorneys conspired to deprive him of certain constitutional rights. He also claimed that defendant Veasy, a court reporter, conspired with the attorneys by falsifying court records. Carson sought four million dollars in damages and injunctive relief. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d), deciding that there was no state action and that Carson's claims were more appropriately brought by a petition for writ of habeas corpus than by a civil rights action.
 
 
 4
 Upon consideration, we affirm the district court's order dismissing the complaint as frivolous as it appears that Carson could prove no set of facts which would entitle him to relief under 42 U.S.C. Sec. 1983. See Malone v. Colyer, 710 F.2d 258 (6th Cir.1983). Carson failed to allege that he was both deprived of rights secured by the federal Constitution or laws of the United States and that the deprivation was caused under color of state law. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). Defense attorneys, whether appointed or retained, do not act under color of state law for purposes of a 42 U.S.C. Sec. 1983 action. See Polk County v. Dodson, 454 U.S. 312 (1981). Although Carson attempted to allege that the attorneys and the court reporter acted under color of state law by conspiring against him, his conclusory allegations did not state an adequate claim. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 5
 Moreover, this complaint was also properly dismissed because ruling on the matter would imply that Carson's conviction is or would be illegal. See Hadley v. Werner, 753 F.2d 514 (6th Cir.1985) (per curiam).
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John W. Potter, U.S. District Judge for the Northern District of Ohio, sitting by designation