865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold J. SOUTHERS, Plaintiff-Appellant,
v.
Edgar P. CALHOUN, Judge for Criminal Court of Sullivan
County, Tennessee; H. Greeley Wells, Assistant
Attorney General for Sullivan County,
Tennessee, Defendants-Appellees.
 No. 88-5624.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1988.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Arnold J. Southers appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983. Southers alleged that defendants, a Tennessee judge and an assistant Tennessee Attorney General, acted to convict him of being a recidivist and to deny him state post-conviction relief. The district court dismissed the complaint because defendants enjoy absolute immunity from suit for damages for acts performed in their official capacities.
 
 
 3
 Upon consideration, we affirm the judgment of the district court. The defendant state judge is absolutely immune for the acts alleged by plaintiff. See Stump v. Sparkman, 435 U.S. 349 (1978). Likewise, the defendant state prosecutor is absolutely immune. See Imbler v. Pachtman, 424 U.S. 409 (1976). Further, insofar as plaintiff seeks equitable relief from his recidivist conviction, his sole federal remedy is in habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.