865 F.2d 1267
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur Lee CAMPBELL, Plaintiff-Appellant,
v.
Ronnie STRONG; Judge Dominick R. Carnovale; John Doe;
Mary Doe, Defendants- Appellees.
 No. 88-1714.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Arthur Lee Campbell appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Campbell alleged that defendants, a Michigan judge and an attorney, conspired to deprive him of his civil rights in his state criminal trial and on appeal from the convictions resulting from the trial. The district court dismissed the complaint because the defendant judge is absolutely immune from suit and the defendant attorney is not a state actor for purposes of Sec. 1983.
 
 
 3
 Upon consideration, we conclude that the district court properly dismissed the complaint. Clearly, the defendant judge is absolutely immune for the acts alleged by plaintiff. See Stump v. Sparkman, 435 U.S. 349 (1978). Further, the defendant attorney is not a state actor for purposes of Sec. 1983. See Polk County v. Dodson, 454 U.S. 312 (1981). Although the defendant attorney may be liable under Sec. 1983 if he conspired with a state actor to deprive plaintiff of his civil rights, see Tower v. Glover, 467 U.S. 914, 919-20 (1984); Dennis v. Sparks, 449 U.S. 24, 27-28 (1980), plaintiff's allegation of such a conspiracy is merely a conclusion and is insufficient to support a claim under Sec. 1983. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). Finally, the district court correctly noted that, insofar as plaintiff challenges the constitutionality of his state criminal conviction, his sole remedy is in habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.