872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold J. SOUTHERS, Plaintiff-Appellant,
v.
Williams J. DAWSON, Ted Hysell, H. Baeley, (J. Doe), Clyde
Schultz, Defendants-Appellees.
 No. 88-3813.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1989.
 
 1
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and THOMAS A. BALLANTINE, Jr., District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee prisoner appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983 as untimely. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On April 20, 1988, Arnold J. Southers filed his complaint in the district court for the Southern District of Ohio. Southers alleged that his arrest on August 22, 1982, in Franklin County, Ohio, was unlawful because the arrest warrant was not supported by probable cause. The district court granted Southers's motion to proceed in forma pauperis pursuant to 28 U.S.C. Sec. 1915(d). Additionally, the district court noted that it intended to dismiss the complaint pursuant to Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam), insofar as Southers appeared to challenge his present confinement. The district court also noted that the complaint may be barred by the applicable statute of limitations. Parties were ordered to respond to the proposed order of dismissal.
 
 
 4
 Defendants filed motions to dismiss in which they asserted that the complaint was barred by the statute of limitations. Southers filed a response. The district court determined that the complaint was not timely and granted defendant's motions to dismiss. On appeal, Southers argues that he has been denied due process because, contrary to its stated intention to dismiss the complaint without prejudice pursuant to Hadley, the district court dismissed his complaint on statute of limitations grounds.
 
 
 5
 Upon review, we conclude that the district court properly determined that the complaint is barred by the applicable statute of limitations. The complaint, filed in a federal district court in Ohio, is subject to a two-year statute of limitations. Browning v. Pendleton, No. 86-4123 (6th Cir. Mar. 16, 1989) (en banc). See Owens v. Okure, 109 S.Ct. 573 (1989). Thus, the claims are untimely. Southers's cause of action accrued on the date of his arrest, August 22, 1982. See McCune v. City of Grand Rapids, 842 F.2d 903, 906 (6th Cir.1988). The complaint was filed on April 20, 1988, more than five years later.
 
 
 6
 Southers's argument that the complaint should have been dismissed pursuant to Hadley v. Werner, 753 F.2d 514, (6th Cir.1985) (per curiam), simply lacks merit. Hadley applies to civil rights claims in which a ruling on the merits may imply an invalid criminal conviction. 753 F.2d at 516. However, plaintiff concedes that he is not challenging his Tennessee convictions. Moreover, plaintiff cannot argue that he was surprised by the court's decision. The statute of limitations issue was discussed in the district court's order proposing dismissal. Also, plaintiff addressed the issue himself in his response.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., U.S. District Judge for the Western District of Kentucky, sitting by designation