894 F.2d 1337
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. TURNER, Plaintiff-Appellant,
v.
Simon LEIS, Sheriff; Larry Whalen, Chief of Police,
Defendants-Appellees.
 No. 89-3877.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Robert E. Turner, a pro se Ohio prisoner, appeals the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages and other available relief, Turner brought suit against defendants, the Hamilton (Ohio) county sheriff (Leis) and the chief of police of Cincinnati, Ohio (Whalen). Turner's complaint is convoluted and difficult to interpret. However, it appears from defendants' answer that Turner was arrested in May 1988, pursuant to warrants for felony sexual abuse and domestic violence, that he was convicted on those counts, and that he received a two-year sentence. In his response to defendants' motion for a more definite statement, Turner identified additional defendants and alleged: (1) that he was the victim of a police conspiracy to arrest him unlawfully; (2) that he has a constitutional right to see the warrants, affidavits, and evidence against him; (3) that he does not agree with the arrest, warrant, and evidentiary grounds against him; (4) that he does not believe the grand jury had grounds to return a true bill against him; and (5) he would like the state to come forward with evidence, other than hearsay, to prove his guilt. Additionally, in a motion for a new trial, filed after his response to the motion for a more definite statement, Turner identified additional defendants, requested a new trial, and requested all relief available to him.
 
 
 3
 After a review of the magistrate's report and plaintiff's objections, the district court adopted the magistrate's recommendation and dismissed the case. Turner has filed a timely appeal, challenging the district court's dismissal of his action. Subsequently, Turner filed a motion for the appointment of counsel.
 
 
 4
 Upon review, we deny the motion for the appointment of counsel, affirm the district court's dismissal of Turner's claims for injunctive relief and vacate the dismissal of Turner's claims for damages.
 
 
 5
 We liberally construe Turner's pleadings, see Haines v. Kerner, 404 U.S. 519 (1972), as asserting both a Sec. 1983 claim (damages) and a habeas corpus action (injunctive and declaratory relief).
 
 
 6
 Further, we conclude that the district court properly dismissed Turner's claims for injunctive relief because his sole relief in that regard is a writ of habeas corpus. See Prieser v. Rodriguez, 411 U.S. 475, 490 (1973). Moreover, because Turner currently has an appeal of his convictions pending in the state appellate courts, the district court properly dismissed Turner's claims for injunctive relief due to the availability of such relief from the state courts. Cf. Watts v. Burkhart, 854 F.2d 839, 846-49 (6th Cir.1988).
 
 
 7
 However, the district court should have stayed Turner's claims for damages. A federal court should not entertain a civil rights suit under 42 U.S.C. Sec. 1983 if a ruling on the matter would imply that a state court conviction is or would be illegal. Hadley v. Werner, 753 F.2d 514 (6th Cir.1985) (per curiam). Since Turner has an appeal pending in the state courts challenging his conviction, his Sec. 1983 suit, to the extent it seeks damages, should be stayed pending the outcome of the state court litigation. See Deakins v. Monaghan, 484 U.S. 193, 203 (1988). Since Turner is challenging his conviction in part on fourth amendment grounds in the state courts, this portion of his suit should also be stayed pending the outcome of the state court litigation. See Feaster v. Miksch, 846 F.2d 21, 24 (6th Cir.), cert. denied, 109 S.Ct. 148 (1988).
 
 
 8
 Accordingly, the motion for the appointment of counsel is hereby denied. The district court's dismissal of Turner's claims for injunctive relief is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Further, the dismissal of Turner's claims for damages is hereby vacated and remanded to the district court with directions that it stay the Sec. 1983 proceedings pending the outcome of the state court litigation. Rule 9(b)(6), Rules of the Sixth Circuit.