902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James TAYLOR, Jr., Plaintiff-Appellant,
v.
Ronald G. SHULL; Melody A.P. Wallace; Charles Green;
Edward Nakfoor, Defendants-Appellees.
 No. 89-2005.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1990.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 James Taylor, Jr., appeals the dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Taylor alleged that information pertaining to two other Michigan prisoners was misfiled in his central file and was used against him in a parole revocation proceeding. Taylor sought money damages and injunctive relief from the four defendant prison and parole officials. The district court dismissed the complaint sua sponte as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Upon consideration, we affirm the judgment for reasons other than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). The defendant state officials are not subject to suit for damages under Sec. 1983 because they were not sued specifically in their individual capacities. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989); Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Also, plaintiff's prayer for injunctive relief from his parole revocation proceeding is essentially a challenge to the fact or duration of his confinement not cognizable under Sec. 1983. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). Plaintiff's remaining allegations are vague and conclusory and do not implicate the named defendants. Thus, the complaint was properly subject to dismissal sua sponte as lacking arguable basis. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.