902 F.2d 1568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lynn GODSEY, Plaintiff-Appellant,
v.
Lynn BROWN, Judge; Carter County Tennessee; Tennessee
Department of Corrections, Defendants-Appellees.
 No. 89-6121.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Lynn Godsey, a pro se Tennessee prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Godsey sued Brown (a former prosecuting attorney), Carter County, Tennessee, and the Tennessee Department of Corrections alleging that their actions caused his illegal incarceration. In March 1988, Godsey was released on probation. In August 1988, Brown sought issuance of a capias from the Carter County Criminal Court for revocation of Godsey's probation. Godsey was arrested, but was later released following a hearing where his probation was reinstated. Godsey alleged that Brown committed perjury in order to procure the issuance of the capias. Godsey also alleged that the Tennessee Department of Corrections failed to correctly log his good time credits in their computer so as to reflect his eligibility for probation. Godsey sought monetary relief and Brown's disbarment.
 
 
 3
 Citing to Hadley v. Werner, 753 F.2d 514 (6th Cir.1985) (per curiam), the district court sua sponte dismissed the complaint without prejudice to plaintiff's right to refile if and when he establishes through state proceedings that his incarceration was in fact illegal. The court later denied Godsey's motion for reconsideration.
 
 
 4
 On appeal, Godsey reasserts his claims and requests the appointment of counsel.
 
 
 5
 Upon review, we deny plaintiff's request for counsel and affirm the district court's judgment for different reasons. Initially, we note that the district court did not specifically cite to 28 U.S.C. Sec. 1915(d) when it sua sponte dismissed the complaint as required by Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983). We conclude, however, that Tingler was not applicable to this case because the complaint was so attenuated as to deprive the district court of subject matter jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974). Furthermore, Hadley does not control this case because the plaintiff does not seek to challenge his present incarceration; rather his claim is more akin to a false imprisonment or malicious prosecution claim due to his brief incarceration on the capias.
 
 
 6
 In this case, Godsey alleged that Brown maliciously sought issuance of the capias even though he knew Godsey was rightfully on probation. Brown, however, is absolutely immune from suit because the decision of whether to seek a capias was within the scope of Brown's prosecutorial duties and was an integral part of the judicial process. See Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir.1989). This is so even if the decision to prosecute was malicious or founded in bad faith. See Grant, 870 F.2d at 1138; Joseph v. Patterson, 795 F.2d 549, 557 (6th Cir.1986), cert. denied, 481 U.S. 1023 (1987).
 
 
 7
 Moreover, eleventh amendment immunity bars Godsey's suit against the Tennessee Department of Corrections. See Welch v. Texas Department of Highways, 483 U.S. 468 (1987). Also, Godsey cannot maintain a suit against Carter County, Tennessee, because Godsey failed to allege that Brown's act of perjuring himself while procuring the capias was done pursuant to a policy or custom of that governmental entity. See Pembaur v. City of Cincinnati, 475 U.S. 469 (1986).
 
 
 8
 Finally, the district court could not review Godsey's request for injunctive relief (Brown's disbarment) because a federal district court does not have subject matter jurisdiction to decide attorney disciplinary matters. See generally, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).
 
 
 9
 Accordingly, the request for the appointment of counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.