943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin CLARK, Plaintiff-Appellant,
v.
UNITED STATES of America, Stuart Canale, Asst. U.S.
Attorney, Mr. Wilkes, Police Officer, Michael
Bartlett, Jackie R. Setliff, Honorable
Jerome Turner, Defendants-Appellees.
 No. 91-5370.
 United States Court of Appeals, Sixth Circuit.
 Sept. 13, 1991.
 
 1
 Before RALPH B. GUY, Jr., Circuit Judge, JOHN W. PECK, Senior Circuit Judge, and SILER, District Judge.*
 
 ORDER
 
 2
 Kevin Clark, a pro se Tennessee prisoner, appeals the district court's order dismissing his Bivens -type civil rights action. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On June 28, 1990, Clark was convicted of two counts of drug trafficking. He is presently serving concurrent terms of eighty-seven months imprisonment on each count. In his civil suit for damages, Clark alleged that he was illegally arrested, tried, and convicted in the criminal case against him. He brought his civil suit against the United States of America, the Assistant United States Attorney who prosecuted the criminal case, three police officers who arrested and testified against Clark in his criminal case, and Judge Jerome Turner who conducted the criminal trial. Clark sought ten million dollars from each defendant in their individual, as well as their official capacities.
 
 
 4
 The district court held: 1) that the United States has sovereign immunity from an action for damages; 2) that the prosecuting attorney has prosecutorial immunity from an action for damages; 3) that the trial judge has judicial immunity from an action for damages; and 4) that any suit for monetary damages based upon the claims against the remaining defendants must await the disposition of Clark's direct appeal. Cf. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). The court then dismissed Clark's suit with prejudice as to the United States, the Assistant United States Attorney and Judge Turner on the basis of immunity. The court dismissed Clark's suit without prejudice as to the remaining defendants. This appeal followed.
 
 
 5
 Upon review, we affirm the district court's order of dismissal because Clark's case lacks an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Disposition of the damage action in this case would imply the invalidity of Clark's conviction; hence, Clark is improperly seeking relief in this civil rights action. Hadley, 753 F.2d at 516. Clark's case is so unsubstantial that the district court clearly lacked jurisdiction. Hagans v. Lavine, 415 U.S. 528, 536-37 (1974).
 
 
 6
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene J. Siler, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation