977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Plaintiff-Appellant,
v.
Ira HARRIS; Gilbert Donahue, Defendants-Appellees.
 No. 92-1339.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Raymond Jackson, proceeding pro se, appeals a district court order dismissing a civil rights complaint filed under 42 U.S.C. §§ 1983, 1985 and 1986. The defendants are attorneys who were appointed to represent Jackson as trial and appellate counsel in state court after he was charged with assault with intent to do great bodily harm and felony firearm.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. See Fed.R.App.P. 34(a).
 
 
 3
 In his complaint Jackson alleged, essentially, that he was denied effective assistance of counsel because the defendant attorneys were part of a conspiracy to undermine his rights under the Interstate Agreement on Detainers (IAD) Uniform Extradition Act. Jackson asserted (1) that he was illegally extradited from federal custody to Michigan, where he was tried on the above-described charges, and (2) that counsel failed to raise this argument in his defense. Jackson has requested compensatory damages and attorney fees and costs.
 
 
 4
 The district court (Gadola, J.) took cognizance of two previous complaints that Jackson had filed against defendants Harris and Donahue based on the same allegations. The district court noted that United States District Judge Robert E. DeMascio dismissed the first complaint as frivolous and that Judge Gadola himself dismissed the second complaint as frivolous. Judge Gadola explained that he denied Jackson's subsequent motion for relief from judgment in the prior case because (1) the defendants were not acting "under color of state law," (2) there was no indication that the alleged conspiracy was directed against plaintiff as a member of any class, and (3) Jackson's claims constituted a challenge to the validity of his conviction, and such a challenge must be presented through a petition for a writ of habeas corpus rather than in a civil rights action. See Hadley v. Werner, 753 F.2d 514 (6th Cir.1985). Concluding that the reasons for denying relief in the prior case still applied, Judge Gadola dismissed the complaint as frivolous.
 
 
 5
 On appeal, Jackson again argues that the defendants were part of a conspiracy to undermine his rights under the IAD and that the extradition was illegal under Michigan law and under the Act itself. The appellees have notified the court that they will not be filing a brief on appeal.
 
 
 6
 Upon review, we conclude that this case is frivolous under the standard set forth in Neitzke v. Williams, 490 U.S. 319, 325 (1989), and Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). The district court cited 28 U.S.C. § 1915(d) in its order, and it was within the court's authority to dismiss the complaint sua sponte. See Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986).
 
 
 7
 A public defender, while acting in that capacity, is not considered a state actor for purposes of 42 U.S.C. § 1983. Polk County v. Dodson, 454 U.S. 312, 321 (1981). This is dispositive of the § 1983 claim. The district court correctly found that the facts do not suggest any conspiracy against the plaintiff as a member of any class. The plaintiff has not alleged or shown that as a member of a racial or other group he was invidiously and discriminatorily denied a right or a privilege by the defendants acting in concert with the trial judge and U.S. officials. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); Hull v. Cuyahoga Valley Jt. Vocational Sch. Dist. Bd. of Educ., 926 F.2d 505, 509 (6th Cir.), cert. denied, 111 S.Ct. 2917 (1991). The action predicated on § 1986 cannot survive plaintiff Jackson's failure to establish a violation of rights under § 1985. See Grimes v. Smith, 776 F.2d 1359, 1363 n. 4 (7th Cir.1985); Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir.1985).
 
 
 8
 Accordingly, the district court's order dismissing this complaint as frivolous is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.