9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry SPENCER, Plaintiff-Appellant,
v.
William Dan RICE, Parole Officer; Phil Murphy, Parole
Supervisor; John Does, Members of the Kentucky
Parole Board; Jane Does, Members of the
Kentucky Parole Board,
Defendants-Appellees.
 No. 93-5411.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1993.
 
 Before: MILBURN and GUY, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Jerry Spencer, a pro se Kentucky prisoner, appeals from an order of the district court dismissing as frivolous, pursuant to 28 U.S.C. Sec. 1915(d), his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1981, Spencer was convicted in Kentucky of murder. In 1985, Spencer was paroled, and in 1989, a letter was sent to Spencer stating that he was being released from active parole supervision. That letter, however, clearly stated that his release from active parole supervision was not a final discharge. The letter also indicated that Spencer was eligible to apply immediately for final discharge provided that the eligibility requirements had been met.
 
 
 3
 In 1990, defendant William Rice, Spencer's parole officer, supplied Spencer with an application for restoration to civil rights. A number of type-written entries were made on the form, but there was no date of final discharge. Rice signed the form, and the stamp of defendant Phil Murphy, a parole supervisor, appears on the form.
 
 
 4
 On January 10, 1992, Spencer was arrested by Kentucky officials on a first degree assault charge. In response, Rice issued a notice of a preliminary parole revocation hearing. A hearing was conducted on March 28, 1992, before an administrative law judge. Spencer was represented by counsel. At that hearing, Spencer argued that he had been granted a final discharge from parole. The basis for this argument was the application for restoration to civil rights document. According to Spencer, because one could not be restored to his civil rights unless he had been granted a full discharge from parole, the fact that he was allowed to fill out an application to restore his civil rights must have meant that he had been fully discharged from parole. The administrative law judge found otherwise, determining that no final discharge had been granted. The administrative law judge also determined that there was probable cause to believe that Spencer had violated the conditions of his parole, and Spencer's case was referred to the Parole Board for a determination as to whether a parole violation warrant should issue. Ultimately, the Parole Board deferred Spencer's parole for eighteen months.
 
 
 5
 Spencer then filed his Sec. 1983 action. Spencer argued, as he did before the administrative law judge, that Rice and Murphy had granted him a final discharge from parole. According to Spencer, the defendants' subsequent actions resulted in his false imprisonment and violated his due process and equal protection rights. Spencer also argues that the Parole Board unlawfully revoked his parole.
 
 
 6
 A complaint may be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d) where the plaintiff fails to present a claim with an arguable or rational basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A dismissal of a complaint pursuant to Sec. 1915(d) is reviewed for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Upon review, we are satisfied that the district court did not abuse its discretion.
 
 
 7
 The record indicates that Spencer squarely presented the issue of his alleged final discharge from parole to the administrative law judge and that the issue was actually and necessarily litigated. The record also indicates that Spencer was represented by counsel and that Spencer was given a full and fair opportunity to litigate the issue. Further, he had every incentive to litigate the issue. In such an instance, a federal court, in a Sec. 1983 action, must give the same preclusive effect as the state would to an administrative law judge's fact finding. See University of Tennessee v. Elliott, 478 U.S. 788, 799 (1986). Because it appears that this finding of fact would be given preclusive effect in Kentucky, see Board of Educ. v. Gray, 806 S.W.2d 400 (Ky.App.1991), we are satisfied that the district court did not abuse its discretion when it dismissed Spencer's claims as barred by issue preclusion.
 
 
 8
 Spencer argues that his parole was improperly revoked by Kentucky's Parole Board. If a prisoner challenges the fact and duration of his confinement, his sole remedy is a writ of habeas corpus. See Preiser v. Rodriquez, 411 U.S. 475, 490 (1973). In the present case, Spencer specifically states that he is not challenging his state court confinement. However, should the court rule in Spencer's favor on his Sec. 1983 action, it would imply that his present incarceration is illegal. Therefore, the district court did not abuse its discretion by requiring Spencer to obtain state court relief from his confinement before he can bring his Sec. 1983 action. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam).
 
 
 9
 Accordingly, the order of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.