42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lary E. GRIMES, Plaintiff-Appellant,
v.
Lynn MICHAELSON; Gerald F. Zaetta; John D. Burtch,
Defendants-Appellees.
 No. 94-1302.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1994.
 
 1
 Before: KEITH and NELSON, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Lary E. Grimes, a Michigan pro se prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Grimes originally pleaded guilty to a delivery of cocaine charge for which he received a sentence of one year imprisonment and three years probation. While out on probation, Grimes was arrested for a probation violation (armed robbery) and after a probation violation hearing, his probation was revoked. Grimes was resentenced to five to twenty years imprisonment. On February 24, 1993, Grimes filed a habeas corpus action in the district court (No. 93-CV-60053-AA) challenging his probation revocation and resentencing; his habeas corpus case is still pending in the district court.
 
 
 4
 On December 28, 1993, Grimes filed a Sec. 1983 civil rights action which is the subject of this appeal. Seeking monetary relief, he sued Michaelson, his probation officer, Zaetta, the senior probation officer, and Burtch, the court-appointed attorney who represented Grimes at his probation violation hearing. Grimes sued all the defendants in their individual capacities and Michaelson and Zaetta also in their official capacities.
 
 
 5
 The district court considered the merits of Grimes's claims and dismissed his Sec. 1983 lawsuit as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The district court found that the claims against defendants Michaelson and Zaetta were barred by the doctrine of immunity and that Burtch did not act "under color of state law" while representing Grimes at his probation violation hearing for purposes of Sec. 1983 liability.
 
 
 6
 On appeal, Grimes continues to argue the merits of his claims. He also alleges that the district court erred when it did not allow him to file an amended complaint. Grimes requests oral argument and the appointment of counsel.
 
 
 7
 Initially, we note that Grimes argues the district court erred when it did not allow him to file an amended complaint. However, the district court record demonstrates that Grimes did file an amended complaint which was considered by the district court.
 
 
 8
 We also note that, although Grimes has a pending habeas corpus action challenging his probation revocation and resentencing on the delivery of cocaine charge, resolution of Grimes's Sec. 1983 lawsuit does not imply that his probation revocation and resentencing are somehow illegal. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam).
 
 
 9
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Grimes's Sec. 1983 lawsuit. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint may be dismissed as frivolous under Sec. 1915(d) only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325-26 (1989). We have considered Grimes's claims and find that they are frivolous for the reasons stated by the district court in its order of dismissal filed on February 28, 1994.
 
 
 10
 Accordingly, we deny Grimes's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation